IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-CR-00269 |
|---|---|---|
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| -vs- | ) | |
| THOMAS TAYLOR, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO
## TERMINATE HIS SUPERVISED RELEASE

Pursuant to 18 U.S.C. §3583(e), Rule 32.1 of the Federal Rules of Criminal Procedure, his Memorandum in Support, following, and having served far more than one year of his term of supervised release, defendant Thomas Taylor, moves this Court for an order terminating supervised release.

Respectfully submitted,

   /s/ Joseph P. Morse
JOSEPH P. MORSE (0073298)
323 West Lakeside Suite 220
Cleveland, Ohio 44113
(216) 241-0520
(216) 241-6961 (fax)
jpm@jmorse-law.com

Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2023, the foregoing Motion to Terminate Supervised Release was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            /s/ Joseph P. Morse
                                            Counsel for Defendant

## MEMORANDUM IN SUPPORT

*a. The Status of the Case.*

Defendant was sentenced by this Court on April 3, 2019 for the offense of Felon in Posession of A Firearm, 18 U.S.C. § 922(g)(1) & 924(a)(2). Defendant was sentenced to prison for thirty (30) months to be followed by three (3) years of supervised release. As of the date this motion is being filed, Mr. Taylor has served thirty-two (32) months of the term of his supervised release.

*b. The Pertinent Rule and Statute.*

The Rule governing modification -- including termination -- of either probation or supervised release, provides as follows:

> **(1) In General.** Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
>
> **(2) Exceptions.** A hearing is not required if:
>
> (A) the person waives the hearing; or
>
> (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
>
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

Rule 32.1(c).

The statute governing early termination of supervised release provides that after considering certain enumerated factors found in 18 U.S.C. § 3553(a), a district court may

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation [i.e. Rule 32.1], if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3553(e)(1).

The factors to be considered in granting early termination include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

Guided by those factors, the Court has discretionary authority to terminate a term of supervised release after the completion of one year, even when the defendant had been sentenced to a mandatory term of supervised release under 21 U.S.C. § 841. *United States v. Spinelle*, 41 F.3d 1056, 1060-61 (6th Cir. 1994).

*c.   **Further Grounds for this Motion.***

The Sentencing Commission "determined that the purpose of supervision for probation and supervised release should focus on the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct." U.S.S.G. Ch. 7, Pt. A4, p.s. *See, also Johnson v. United States*, 154 F. 3d 569, 571 (6th Cir.1998). But "[s]upervised release is [also a] punishment; it is a deprivation of some portion of one's liberty imposed as a punitive measure for a bad act." *Id*. (quoting *United States v. Gilchrist*, 130 F.3d 1131, 1134 (3d Cir.1997), *cert. denied*, 523 U.S. 1023 (1998)). This defendant has successfully integrated back into his community and his conduct and response during **[length]** of supervision by U.S. Probation shows fairly convincingly that he is unlikely to engage in further criminal conduct.

Other factors supporting this defendant's early release are the criteria endorsed by the Judicial Conference Committee on Criminal Law in March 2003, criteria crafted to help U.S. Probation Officers properly identify offenders for consideration for early termination of their supervised release.  The criteria are:

- stable community reintegration (e.g., residence, family, employment);

- progressive strides toward supervision objectives and in compliance with all conditions of supervision;

- no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

- no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

- no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

- no recent evidence of alcohol or drug abuse;

- no recent psychiatric episodes;

- no identifiable risk to the safety of any identifiable victim; and

- no identifiable risk to public safety based on the Risk Prediction Index.

The Chair of the Committee at the time, Chief Judge William Wilkins of the Fourth Circuit, said: "The Committee believes that when the conditions of supervision imposed have been met, and the offender has successfully reintegrated into the community and does not pose a foreseeable risk to public safety in general or to any individual third party, the probation officer should request the court to consider early termination." The Third Branch, Vol. 36, Number 3 (March 2004). A similar observation was made by John Hughes, the Administrative Office's Assistant Director, Office of Probation and Pretrial Services:

> Removing low-risk offenders from the caseloads allows officers to focus on higher-risk offenders. By closing cases that meet the criteria, officers will be in a better position to deal with the growing number of offenders reentering the community after prison terms. Those offenders often have difficulty establishing a residence, getting a job, or dealing with drug or mental health problems, and therefore demand more of an officer's time in the critical, early stages of supervision.

*Id*.

Defendant is prepared to show, and believes that U.S. Probation will confirm, that his course under supervision satisfies most, if not all of these criteria and that his conduct and good adjustment weigh in favor of modifying the term of supervised release.

### d. Conclusion.

"[A] district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 Fed. Appx. 442, 444 (6th Cir. 2003). That is the situation here, thus, for the reasons explained above, defendant asks that this Court find that termination of Mr. Taylor's term of supervised release is warranted by his good conduct, the likelihood that he will not re-offend and the interest of justice, and that the Court terminate the term of supervised release.

Respectfully submitted,

  /s/ Joseph P. Morse
JOSEPH P. MORSE (0073298)
323 West Lakeside Suite 220
Cleveland, Ohio 44113
(216) 241-0520
(216) 241-6961 (fax)
jpm@jmorse-law.com

Attorney for Defendant